O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 12-00493 DDP |
| Plaintiff, ) | |
| v. ) | **ORDER RE: ADMISSIBILITY OF** |
| ) | **IMMIGRATION DOCUMENTS** |
| MARVIN GEOVANI TERRAZA-PALMA ) | |
| Defendant. ) | |

Defendant is charged with being an unlawful alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. Defendant filed a motion in limine seeking, among other things, to exclude certain documents from Defendant's immigration "A-file," introduced for the purpose of establishing Defendant's alienage. Having considered the submissions of the parties and heard oral argument, the court grants the motion.

Alienage is a "core element" of a § 1326 offense that the government must prove beyond a reasonable doubt. United States v. Sandoval-Gonzalez, 642 F.3d 717, 722 (9th Cir. 2011). The burden of proof in administrative immigration proceedings, in contrast, is

a lower "clear and convincing" standard. <u>United States v. Medina</u>, 236 F.3d 1029, 1030 (9th Cir. 2001). The government may not, therefore, "skirt around the more stringent requirements of a criminal proceeding" by relying on factual findings from a defendant's prior deportation proceeding to establish alienage. <u>Id.</u> at 1030-31; cf. <u>United States v. Sotelo</u>, 109 F.3d 1446, 1449 (9th Cir. 1997) ("[F]actual findings made in an earlier deportation proceeding do not conclusively establish a defendant's alien status in a subsequent criminal proceeding.").

Here, while acknowledging that the immigration documents alone are not sufficient to establish Defendant's alienage, the government contends that certain documents, particularly the Warrant of Removal, are admissible to prove alienage. (Opposition at 4-5.) In <u>United States v. Hernandez-Rojas</u>, the Ninth Circuit addressed whether a warrant of deportation, admitted for the purpose of establishing the fact of a prior deportation, was admissible hearsay under the public records exception of Federal Rule of Evidence 803(8). 617 F.2d 533, 535 (9th Cir. 1980). The court reasoned that the warrant's notation of the fact that the defendant had been deported "was a ministerial, objective observation, which has inherent reliability . . . [and] has none of the features of a subjective report made by a law enforcement official . . . in an adversary setting and likely to be used in litigation," and was therefore admissible. <u>Id.</u> The Ninth Circuit has further explained that a warrant of deportation offered to prove physical removal from the United States does not violate the Confrontation Clause because, as a routine, objective record of an unambiguous fact, the warrant of removal's notation regarding

removal is non-testimonial. United States v. Orozco-Acosta, 607 F.3d 1156, 1163-64 (9th Cir. 2010); United States v. Bahena-Cardenas, 411 F.3d 1067, 1074-75 (9th Cir. 2005).

Though warrants of removal are often admitted to prove the objective fact of a defendant's prior removal from the United States, the government here seeks to preserve its ability to introduce the warrant of removal for the purpose of establishing the alienage element of the charged offense. A finding of alienage in an immigration proceeding, however, is not merely a ministerial, objective observation. Unlike a determination of an unambiguous fact such as removal, a finding of alienage requires a consideration of evidence and application of relevant law, and is subject to various, potentially nuanced defenses, such as derivative citizenship. See Sandoval-Gonzalez, 642 F.3d 717, 722. The Ninth Circuit implicitly recognized this distinction in United States v. Bahena-Cardenas, where, in the course of addressing a challenge to the sufficiency of the evidence, the court engaged in separate analyses of (1) evidence of physical removal contained in the warrant of deportation, which the court found admissible, and (2) evidence of alienage, which did not include any prior finding of alienage.[1] Bahena-Cardenas, 411 F.3d at 1075-76.

The government relies on United States v. Hernandez-Herrera, 273 F.3d 1213 (9th Cir. 2001) to support its contention that a warrant of removal is admissible to prove alienage. Indeed, Hernandez-Herrera states "deportation documents are admissible to prove alienage under the public records exception to the hearsay

---

[1] Evidence of alienage did include "evidence of deportation." Bahena-Cardenas, 411 F.3d at 1076.

rule." Id. at 1217-18.  Hernandez-Herrera, however, provides no reasoning for its conclusion, and appears to conflict with the implications of subsequent Ninth Circuit authorities.  See Orozco-Acosta, 607 F.3d at 1163-64; Bahena-Cardenas, 411 F.3d at 1074-75.  Though Hernandez-Herrera provides no reasoned analysis of the admissibility issue, it does cite to United States v. Contreras, 63 F.3d 852 (9th Cir. 1995).  Hernandez-Herrera, 273 F.3d at 1218.  Contreras, however, nowhere states that a warrant of removal is admissible to prove alienage.  Rather, Contreras cites Hernandez-Rojas for the proposition, subsequently reiterated in cases such as Bahena-Cardenas, that a warrant of removal is admissible under the public records exception "because the notation . . . <u>indicating that an alien has left the country</u> is a routine, objective, indeed mechanical recording of an unambiguous factual matter."  Contreras, 63 F.3d at 857 (emphasis added).

The weight of Ninth Circuit authority supports the conclusion that a finding of alienage, as noted in a defendant's warrant of removal, is inadmissible hearsay that may not be used to prove the alienage element of a § 1326 offense.  Accordingly, Defendant's motion to exclude immigration documents is GRANTED, insofar as it seeks to preclude the government from proving alienage via the warrant of removal.[2]

IT IS SO ORDERED.

Dated: September 11, 2012

DEAN D. PREGERSON
United States District Judge

---

[2] Even if the warrant of removal were admissible to prove alienage under an exception to the hearsay rule, the court would exclude the document, if offered for that purpose, under F.R.E. 403.